NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIM VASQUEZ, | Case No. 2:19-cv-04749 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.** |
| SWIFT FUNDS, LLC and TRANSUNION, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT

NOW comes, ALIM VASQUEZ ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of SWIFT FUNDS, LLC ("Swift") and TRANSUNION, LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FCRA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Los Angeles County, California, which is located within the Central District of California.

5. Swift identifies itself as a third-party collection agency with its headquarters located at 927 Deer Valley Drive, Rolling Hills, California. Swift is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff. Swift is a furnisher of information to the major credit reporting agencies, including TransUnion.

6. Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California.

**PLAINTIFF'S BANKRUPTCY FILING**

7. In 2018, Plaintiff signed up for a gym membership at Gold's Gym International, Inc. ("Gold's").

8. Plaintiff subsequently fell behind on her monthly payments owed to Gold's, thus incurring debt ("subject debt").

9. While Plaintiff was in default, Gold's transferred the subject debt to Swift for collection.

10. On October 25, 2018, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Central District of California, Case Number 2:18-bk-22160-BB ("bankruptcy").

11. Schedule E/F of the bankruptcy petition contained the subject debt, and further listed Defendant as an entity to be provided with notice regarding the subject debt.

12. On October 19, 2018, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

13. On January 28, 2019, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt.

14. Defendant was served with the Order of Discharge on January 30, 2019.

15. Pursuant to 11 U.S.C. §727(b) and §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by Defendant.

16. Plaintiff's personal liability on the subject debt was extinguished via her bankruptcy discharge, thus terminating any business and contractual relationship Plaintiff may have had with Defendant or any subsequent owners of the subject debt.

### INACCURATE CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO TRANSUNION

17. In early 2019, Plaintiff applied for a Best Buy credit card but her application was denied as a result of information in her credit report.

18. Consequently, Plaintiff pulled her credit reports to determine the source of the negative reporting.

3

19. Much to her dismay, Plaintiff discovered that TransUnion and Swift were reporting the subject debt as in default, with a high balance, a past due amount, and post-discharge derogatory information.

20. The reporting of the subject debt was inaccurate, incomplete, and materially misleading because the subject debt was discharged in Plaintiff's Chapter 7 bankruptcy and should be reporting with a zero balance, a zero past due amount, and no post-discharge derogatory information.

### a.   Plaintiff's Dispute Letter to TransUnion

21. On March 15, 2019, Plaintiff sent a written credit dispute letter to TransUnion.  Specifically, Plaintiff requested that TransUnion correct the Swift account, as it "was included in [her] case filing and the payment status and balance need to be corrected."

22. Plaintiff's dispute letter further stated that "The balance, monthly payment, payment status, past due amount, and remarks are all wrong and need to be updated…All of the above listed accounts were closed and the monthly payment amount should be zero and I demand that my credit reports reflect that.  Please send my dispute letter and the enclosures to each of the creditors listed above.

23. Plaintiff enclosed a copy of her bankruptcy discharge, her driver's license and social security card, and sent her dispute letter to TransUnion via certified mail, return-receipt requested.

24. Upon information and belief, Swift received notice of Plaintiff's dispute letters and all enclosed supporting documents from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

### a.   TransUnion's Failure to Correct Inaccurate Information in Plaintiff's Credit File

25. On March 27, 2019, TransUnion responded by failing to reasonably investigate Plaintiff's credit disputes.  Specifically, while TransUnion sent Plaintiff results from its investigation, there were no changes made with regard to the subject debt account.

26. As illustrated below, TransUnion continued to report the subject debt as an open account that is "Past Due" with a balance of "$289".



27. Despite receiving Plaintiff's detailed dispute letter, TransUnion and Swift failed to report the Swift trade line as discharged in bankruptcy and failed to report that Plaintiff is disputing the reporting of the subject debt.

28. The reporting of the Swift trade line was patently inaccurate, incomplete, and created a materially misleading impression that Plaintiff was delinquent and still personally liable on the subject debt. However, Plaintiff was no longer personally liable on the subject debt by virtue of her bankruptcy discharge.

### IMPACT OF
### INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILES

29. As of today, TransUnion's erroneous reporting of the Swift account continues to paint a false and damaging image of Plaintiff. TransUnion and Swift have yet to update the Swift trade line to accurately reflect the discharged status of the subject loan.

30. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, credit capacity, and her ability to move forward after her bankruptcy discharge.

31. The inaccurate and incomplete reporting of subject loan continues to have significant adverse effects on Plaintiff's credit rating and her ability to obtain financing because it creates a false impression that Plaintiff still owes the subject loan, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

32. Ultimately, Plaintiff has desired to take advantage of credit opportunities, most notably applying for a Best Buy credit card, but has been denied because of Defendants' failure to report only accurate information about Plaintiff. Plaintiff was denied credit, and these credit decisions were based in whole or in part on information obtained in a report from TransUnion.

33. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, time and energy expended meeting with her attorneys to enforce compliance with the Fair Credit Reporting Act, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

34. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the subject debt.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST SWIFT)

35. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

37. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

38. Swift is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

39. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

40. Swift violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion and Plaintiff.

6

41. Swift violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, namely Plaintiff's discharge order and Plaintiff's bankruptcy schedules, provided by TransUnion and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

42. Had Swift reviewed the information provided by TransUnion and Plaintiff, it would have corrected the inaccurate designation of the subject debt, and transmitted the correct information to TransUnion. Instead, Swift wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

43. Swift violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with TransUnion.

44. Swift violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and discovering inaccurate, incomplete, and misleading information with respect to the subject debt.

45. Swift violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing in Plaintiff's credit files.

46. Swift failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from TransUnion under 15 U.S.C. §1681i(a)(1).

47. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Swift did not correct the errors or the trade line to report accurately and completely. Instead, Swift wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's disputes to one or more third parties.

48. Moreover, Swift failed to report the subject debt as discharged in bankruptcy.

49. A reasonable investigation by Swift would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information remains in Plaintiff's credit files.

50. Had Swift taken steps to investigate Plaintiff's valid disputes or TransUnion's requests for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading information regarding the subject debt. Plaintiff provided all relevant information to support her valid disputes in her requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

51. By deviating from the standards established by the mortgage servicing industry and the FCRA, Swift acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

WHEREFORE, Plaintiff, ALIM VASQUEZ, respectfully prays this Honorable Court for the following relief:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. An order directing Swift to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

   c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

   d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

   g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

8

53. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

54. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

55. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

56. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

57. Plaintiff provided TransUnion with all relevant information and documentation in her request for investigation and reinvestigation to reflect that she obtained a discharge and is no longer liable for the subject debt.

58. Upon information and belief, TransUnion prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the subject loan with a balance greater than $0, when in fact Plaintiff had received a bankruptcy discharge, owed a $0 balance on the subject debt.

59. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed and was discharged in bankruptcy and was no longer liable on the subject debt.

60. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, TransUnion has prepared a patently false, incomplete, and a materially misleading consumer report concerning Plaintiff.

TransUnion had actual knowledge of Plaintiff's bankruptcy discharge after it received Plaintiff's detailed dispute letter outlining Plaintiff's discharge.

61. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit file.

62. Had TransUnion taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject debt was discharged in Plaintiff's bankruptcy on January 28, 2019.

63. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Swift. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to Swift regarding Plaintiff's dispute that TransUnion received from Plaintiff.

64. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Swift with regard to the subject loan.

65. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

66. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Swift that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

67. TransUnion violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject debt. TransUnion is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

68. Since most of Plaintiff's other accounts were reported as "$0 balance owed," "included in bankruptcy," or "discharged," TransUnion should have investigated why the Swift trade line was reporting anything other than a $0 balance amount.

69. Moreover, after Plaintiff's written dispute, TransUnion had specific information related to Plaintiff's bankruptcy case, and subsequent discharge, which included the subject debt.

70. TransUnion knew that the inaccurate designation of the subject debt on Plaintiff's consumer reports under the Swift trade line as delinquent, in default, and with a high balance owed after her bankruptcy discharge would have a significant adverse effect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

71. Despite actual knowledge that Plaintiff's credit file contained erroneous information, TransUnion readily furnished Plaintiff's inaccurate, incomplete, and misleading report to various financial institutions, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

72. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

73. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with reckless disregard for its duties to report accurate and complete consumer credit information.

74. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

75. TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer file and reporting Plaintiff's credit information.

76. TransUnion's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

77. As stated above, Plaintiff was significantly harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, ALIM VASQUEZ, respectfully prays this Honorable Court for the following relief:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing TransUnion to delete the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: May 30, 2019                    Respectfully submitted,

                                       By: /s/ Nicholas M. Wajda
                                       Nicholas M. Wajda
                                       WAJDA LAW GROUP, APC
                                       11400 West Olympic Boulevard, Suite 200M
                                       Los Angeles, California 90064
                                       Telephone: (310) 997-0471
                                       Facsimile: (866) 286-8433
                                       Email: nick@wajdalawgroup.com